**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**DONALD WINNETT**
**ADC #139544** **PLAINTIFF**

**V.** **No. 2:13CV00047 DPM-BD**

**DeANGELO M. EARL,** *et al.* **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.** **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge D.P. Marshall Jr. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## II.   Background:

Donald Winnett, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. Mr. Winnett was ordered to file an amended complaint concisely stating his constitutional claims. (#4) Mr. Winnett filed an amended complaint, in which he more concisely stated his claims, and referenced only several exhibits contained in the brief in support of his original complaint. (#6)

Mr. Winnett complains that he was disciplined in retaliation for using the ADC's grievance procedure, and that he was denied access to the grievance procedure in retaliation for exercising his First Amendment rights. (#6) In addition, he alleges that he was placed in the "hole" in violation of his due process rights. (*Id*.) Mr. Winnett names Major DeAngelo M. Earl and Hearing Officer Lorie A. Taylor as Defendants and seeks monetary relief, as well as unspecified injunctive relief. (*Id*.)

Mr. Winnett's due process claim was dismissed, as were his official-capacity claims against Defendants for money damages. (#40) The only remaining claims are his retaliation claims against Defendants Earl and Taylor. Defendants have moved for summary judgment, contending that Mr. Winnett has not exhausted his administrative

remedies with respect to Defendant Taylor. Further, Defendants argue, Mr. Winnett's retaliation claims against both remaining Defendants fail as a matter of law. For the reasons discussed below, Mr. Winnett's claims should be dismissed.

### III.  Discussion:

    A.  Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond with specific facts that are genuinely disputed. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When a plaintiff does not come forward with enough evidence to establish a necessary element of his claim, the moving party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

    B.  Exhaustion

It is settled law that prisoners must exhaust available administrative remedies before turning to the courts. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a

complaint under § 1983 may be entertained"). As a general rule, a court is obliged to dismiss all claims that were not fully exhausted before the lawsuit was filed. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

In support of their motion, the Defendants offer the affidavit of Barbara Williams, the ADC Grievance Supervisor. (#72-2) Ms. Williams testifies that Mr. Winnett did not file any grievances naming Lorie Taylor prior to filing this lawsuit on April 3, 2013. (#72-2) The ADC grievance procedures require that an inmate specifically name each individual involved so that a proper investigation can be performed and a response completed. (*Id.*)

Mr. Winnett has not come forward with any evidence showing that he fully exhausted his administrative remedies against Defendant Taylor or that he was prevented from doing so. Accordingly, Mr. Winnett's retaliation claims against Defendant Taylor should be dismissed, without prejudice.

C. Retaliation

Mr. Winnett complains that Defendant Earl retaliated against him by charging him with a major disciplinary violation because he filed a grievance. He also complains that he was denied access to the grievance process.

Prior to filing this lawsuit, Mr. Winnett settled a separate case against ADC employees and received twelve dollars. In grievance number EA-12-02035, Mr. Winnett complained that Ms. Clay improperly deducted $1.96 from his settlement proceeds to pay

for a replacement identification card. (#3 at p. 33) An investigation revealed that the $1.96 was deducted from the account in error and the funds were credited back to Mr. Winnett's account the next day. (#3 at pp. 34-35)

In grievance EA-12-02035, however, Mr. Winnett wrote, "I don't know what you people thing your [sic] fooling with. You cant [sic] just up and take somebody money like that. You are going to learn the hard way. Ms. Clay, you need to learn to leave peoples [sic] money alone . . . . You do need to learn a lesson." (#3 at p. 33)

Mr. Winnett's grievance prompted an investigation by Defendant Earl. When Defendant Earl interviewed Mr. Winnett, he stated, "What the fuck you thank [sic] I mean she will learn her lession and I meant that [sic]. . . .I will sue your motherfucking ass too and make sure your name is on the top of the list." (#3 at p. 19)

Defendant Earl charged Mr. Winnett with six code violations including: 05-2 Written threats of bodily harm or death to another person; 05-5 Provoking or agitating a fight; 05-7 Assault-any willful attempts or threat(s) to inflict injury upon staff; 11-1 Insolence to a staff member; 11-2 Using abusive/obscene language to a staff member; 12-1 Failure to obey verbal and/or written orders of staff. (*Id.*)

A disciplinary hearing was held at which Ms. Taylor was the hearing officer. Ms. Taylor found Mr. Winnett guilty on four of the six charges based on grievance EA-12-02035 and the reports of Defendant Earl and Ms. Clay. (#3 at pp. 20-21)

Mr. Winnett appealed grievance EA-12-02035 to the Deputy Director, but the grievance was denied because under the ADC's grievance process, the appeal was untimely. (#3 at p. 32)

Mr. Winnett complains that Defendant Earl retaliated against him by writing a disciplinary against him for filing a grievance against Ms. Clay. Mr. Winnett is correct that he may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 when a prison official files disciplinary charges in retaliation for an exercise of a constitutional right. If, however, the discipline which the inmate claims to have been retaliatory was in fact imposed for an actual violation of prison rules or regulations, then the inmate's claim that the discipline was retaliatory fails. *Moots v. Lombardi*, 453 F.3d 1020, 1023 (8th Cir. 2006); *Goff v. Burton*, 7 F.3d 734, 738 (8th Cir. 1993).

Here, following a disciplinary hearing, Ms. Taylor found that there was sufficient evidence to find Mr. Winnett guilty of three of the five infractions charged by Defendant Earl in the disciplinary. Mr. Winnett does not contest that he was convicted of these infractions. Although Mr. Winnett alleges that Defendant Earl verbally threatened him, it is well-settled that cursing, verbal abuse, and threatening language do not amount to a constitutional violation. See *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001); (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993)). Because Mr. Winnett was convicted of violating prison rules, and the charges were supported by some evidence (the grievance and the reports of Mr. Earl and Ms. Clay), Mr. Winnett's

retaliatory discipline claims fail. *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008); *Hrbek v. Nix*, 12 F.3d 777, 781 (8th Cir. 1993).

Mr. Winnett also argues that Defendant Earl retaliated against him by denying him access to the grievance process. Specifically, Mr. Winnett alleges that he was not allowed to file a grievance about his identification card. (#3 at p. 4) The records provided by Mr. Winnett reflect, however, that he filed a number of grievances after the grievance that led to the disciplinary and before he filed this lawsuit, including one about his identification card. Mr. Winnett filed the following additional grievances prior to filing this lawsuit including:

- EAM-12-5059 on December 28, 2012, against Defendant Earl – appealed to the Deputy Director who denied it on March 6, 2013. (*Id*. at 36-38)

- EAM-13-00050 on January 4, 2013, – rejected because it was a duplicate of EAM-12-5059. (*Id*. at pp. 39-40)

- EAM-13-00260 on January 13, 2013, – rejected because it was a duplicate of EAM-13-00231. (*Id*. at pp. 41-42)

- EAM-13-00231 on January 18, 2013, addressing the identification card issue – appealed to the Deputy Director who denied it on March 21, 2014. (*Id*. at 24)

- EAM-13-00329 on February 11, 2013, regarding access to the law library – appealed to the Warden who found it to be without merit.

- EA-13-00473 on February 26, 2013, regarding his barracks assignment – appealed to the Deputy Director who denied it. (*Id*. at p. 25, #72-3 at pp. 1-2)

Mr. Winnett has not established that Defendant Earl denied him access to the grievance procedure, and his claim of retaliation against Defendant Earl should be dismissed.

## IV. Conclusion:

The Court recommends that Mr. Winnett's retaliation claims against Defendant Lorie A. Taylor be DISMISSED, without prejudice, and that his retaliation claims against Defendant DeAngelo M. Earl be DISMISSED, with prejudice.

DATED this 19th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE